## WELSCH v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

No 2467. Decided Nov 8, 1938

Abe Levin, Youngstown, and Joseph J. Cronin, Youngstown, for appellant.

Vern B. Thomas, Law Director, Youngstown, and H. H. Hunt, Asst. Law Director, Youngstown, for appellee.

## OPINION

By NICHOLS, PJ.

This action was originally instituted by

Edward N. Welsch, plaintiff, against City of Youngstown, defendant, to recover what plaintiff alleged to be unlawful and wrongful deductions made by defendant from salary due plaintiff during the years of 1932, 1933 and 1934, while plaintiff was serving as a patrolman in the department of police in that city.

Plaintiff, for his cause of action, alleged that the salary legally provided by ordinance to be paid him as a patrolman was $2100.00 a year; that during the year 1932 defendant illegally deducted the sum of $288.75, this sum representing a 10% on deduction of that year's salary and a deduction of two weeks' pay, or $78.75, for vacation period, to which plaintiff contends he is entitled; a deduction of $210.00 in the year 1933, representing a straight 10% deduction for the entire year; $52.50 for a 10% reduction made during the first three months of 1934 and $157.50 representing an amount plaintiff contends due him for the months of April and May, 1934, when he was paid for his services a sum equal to 50% of the salary established by the salary ordinance.

In its answer defendant set up several defenses, alleging an agreement by plaintiff to voluntarily accept a salary cut. Defendant further sets up certain ordinances which it claims to be duly enacted, valid and subsisting ordinances of the city, in effect at various times, and includes therein ordinances Nos. 37364 and 38209, and contends that these ordinances lawfully established the salary due plaintiff; that plaintiff intentionally and willingly made a voluntary gift of any amounts deducted from his salary during the period complained of; and that by reason of the defendant in good faith accepting and relying upon and acting upon the voluntary agreement made by plaintiff he was estopped from repudiating such agreement.

During the trial defendant was granted leave to file an amended answer and set up the defense of waiver and a further defense that a sufficient amount was not appropriated by council to pay plaintiff and other members of the police department at the rate provided by ordinance.

The case coming on for trial, it was stipulated and agreed between counsel that plaintiff was duly appointed, under Civil Service, a member of the department of police on January 1, 1915, as a cadet, and appointed patrolman on January 1. 1916, and that he has been in the constant employ of the City of Youngstown as a member of the department of police during the times complained of in the petition; that ordinance No. 34130, being plaintiff's Exhibit 1; ordinance 36240, being plaintiff's Exhibit 2; ordinance No. 37364, being plaintiff's Exhibit 3; ordinance No. 38204, being plaintiff's Exhibit 4; ordinance No. 38209, being plaintiff's Exhibit 5; a copy of the Home Rule Charter of the City of Youngstown, being plaintiff's Exhibit 6; a copy of the amendments to the Home Rule Charter of the City of Youngstown, being 1933 amendments, and being plaintiff's Exhibit 7; were duly passed by the council of the City of Youngstown and are true copies of such ordinance, and that the copy of the Home Rule Charter is a true copy of the charter of the City of Youngstown; and that the amendments are a true copy of the amendments adopted to the charter in the year 1933.

While the stipulation of counsel sets forth that the numbered ordinances "were duly passed" by the council of the city, we are given to understand that no intention was thereby indicated that the parties were in agreement that these ordinances were valid and subsisting enactments of the council of the city, and since the contention of plaintiff in this action is to be determined largely upon the question of the validity of certain of these ordinances, we have construed the language used in the stipulation as meaning only that the ordinances were presented to council and the required number of councilmen voted "aye" thereon, and each ordinance was declared duly enacted, leaving the question of the validity thereof for determination by the court.

On motion of defendant the trial court found that ordinance No. 37364 was a duly enacted, valid and subsisting ordinance of the city during the period from January 25, 1933, until March 27, 1934, and that the same established plaintiff's salary at the rate of $1890.00 per year.

The trial court, likewise, found that ordinance No. 38209 was a duly enacted, valid and subsisting ordinance of the city, lawfully reducing plaintiff's salary 50% during the months of April and May, 1934. Plaintiff's entire claim from January 25, 1933, to June 1, 1934, being based on his contention as to the illegality of these two ordinances, the ruling of the court on this point disposed of plaintiff's claim during that period.

The trial court then proceeded to hear on the merits plaintiff's claim for the year 1932, and after hearing the evidence of both parties found for defendant, thus holding that on the merits plaintiff had no claim for deductions made in the year 1932 and that any deductions made after January 25, 1933, were lawfully made under duly and legally enacted ordinances of the city.

From the judgment of the Common Pleas Court plaintiff has duly prosecuted his appeal to this court upon questions of law, it being the contention of appellant that the Common Pleas Court erred in finding that ordinances numbered 37364 and 38209 were valid ordinances which lawfully reduced his salary; that the trial court erred in finding that the city had proven any defense to the claim of plaintiff; erred in overruling plaintiff's motion for judgment at the close of defendant's evidence; erred in the admission of evidence over the objection of plaintiff; erred in overruling the motion of plaintiff for new trial; that the judgment of the trial court is contrary to law and against the manifest weight of the evidence.

Upon the trial in the Common Pleas Court the parties waived a jury and submitted the cause to the trial judge.

The Home Rule Charter of the city fixes the salary of the mayor and each member of council, including the president, and further provides:

"Subject to the provisions of this charter, council shall fix by ordinance, the salary or compensation of all officers and employees of the city government, * * *."

It is conceded that by valid ordinance No. 34130, adopted by the council December 31, 1929, the salary of plaintiff as a patrolman in the police department, having served in that capacity for more than three years, was legally fixed at $2,100.00 per annum, effective February 1, 1930.

By ordinance No. 36240, passed in council January 20, 1932, entitled "An Ordinance Defining the Positions of—Fixing Salaries of—Providing Bonds to be Furnished by—Creating Police Relief Fund and Firemen's Pension Fund and Establishing a Board of Health—Providing for Annual Vacations of Members of Fire and Police and Health Department," the salary of plaintiff as a patrolman in the police department was fixed at $2,100.00 per year, and by a separate section of this ordinance each member of the department of police was entitled to an annual vacation of fourteen days on city pay, except such members as had been in the service less than one year.

Neither plaintiff nor defendant questions the validity of this ordinance No. 36240, but it is the claim of the city that during the year 1932 it became evident that there were not sufficient funds available to operate the city according to the number of employees authorized and according to the salaries provided by ordinance; that the financial plight of the city was well known to plaintiff and all other employees of the city at and prior to the adoption of ordinance No. 36240; and that by agreement between "the city" the members of the police department, including plaintiff, the policemen agreed to a voluntary cut, refund or remittitur of 10% from the salary as fixed by ordinance, and further agreed to a cut, refund or remittitur of the pay for the two weeks vacation period provided by ordinance.

It is the contention of appellant, first, that there is no competent evidence in the record from which the court could find that he had entered into any agreement with the city to accept salary at a rate less than fixed by the ordinance or to waive the salary provided he should receive during a period of two weeks vacation; second, that any such agreement which the evidence may tend to prove would be illegal and void because contrary to public policy; and third, if there is any evidence in the record tending to prove such agreement or tending to prove conduct upon the part of plaintiff whereby he waived the compensation provided for him by ordinance or became estopped from claiming the amount fixed by ordinance, such evidence is insufficient to that end, and the judgment of the Common Pleas Court based upon any claimed agreement, waiver, gift or estoppel is manifestly against the weight of the evidence.

Whatever may be the rule outside of Ohio, it is definitely established in the case of State ex Hess v City of Akron et, 132 Oh St 305, that "the occupant of a public office may waive part of the established salary thereof," and "such a waiver is not contrary to public policy." Without here attempting to set forth the evidence contained in the bill of exceptions, it is the unanimous conclusion of this court that the record contains evidence tending to prove the claim of defendant that plaintiff had agreed to accept a 10% reduction in his salary during the year 1932, and it is the further conclusion of a majority of the members of this court that the finding of the Common Pleas Court to the effect that plaintiff had by agreement waived the payment to him during the year 1932 of the sum of $210.00 is not manifestly against the weight of the evidence, but it is the conclusion of the writer of this opinion that the judgment of the Common Pleas Court in respect to this $210.00 is manifestly against the weight of the evidence.

It is the unanimous conclusion of this court that there is no competent evidence in the record from which reasonable minds could find that plaintiff had ██ by agreement, waiver, gift, estoppel or otherwise, relinquished his right to receive compensation in the sum of $78.75 for the so-called vacation period provided in ordinance No. 37364, but must find in favor of plaintiff for this sum, in view of the fact that plaintiff and other employees of the police department had no vacation in the year 1932, having worked throughout this so-called two weeks vacation period, for which work they have not been paid.

In support of my dissent from the conclusions of the majority members of the court in finding that the judgment of the trial court where that court found that plaintiff had agreed to waive $210.00 of his salary for the year 1932, I believe that the record does not contain sufficient evidence of an agreement upon the part of plaintiff with the members of the council of the city the salary fixing tribunal, to waive payment of any part of the salary fixed by ordinance No. 36240. These is considerable testimony in the record, given by persons who have nothing to do with the city, as to the conclusions of these persons, notably newspaper reporters and others in no way connected with the city. This testimony was as to conclusions arrived at by these persons from conversations at certain meetings of committees of the council, but a majority of the council testify that they were not in favor of any reduction in salary of policemen and did not intend to make any such reduction. True, plaintiff and other police officers accepted salary at a reduced rate throughout the year 1932, but it is pertinent to observe that whereas prior to 1932 all employees had been required to sign a payroll acknowledging receipt in full for their services, no such receipt was ever signed by this plaintiff subsequent to January, 1932, and the payroll form used subsequent to that date omitted what had previously been stated thereon to the effect that the salary paid was accepted in full. No voucher issued to plaintiff contains any language indicating that the amount thereof is in full for services rendered to the date thereof. It is my belief that since the charter of the city solemnly provides that salaries shall be fixed by ordinance of the council and since such salaries were fixed by ordinance, the validity of which no one contests in this case, all of the conduct and actions of plaintiff in accepting salary at a reduced rate for the year 1932 does not

establish an agreement upon his part to accept the same in full for his services during that period or that plaintiff waived payment of such salary provided by the ordinance or has estopped himself from claiming the same or that he made any gift thereof to the city. In my opinion the evidence falls far short of that contained in the record in State ex v Akron, supra, wherein the employee receipted a payroll sheet which expressly recited either that the amount paid was the amount due or that he received pay in full to date, and that this occurred a total of 56 successive times.

The facts in the case at bar are likewise quite different from those in Lehman v City of Toledo et, 48 Oh Ap 121, wherein the employee entered into a written agreement to waive 10% of his salary.

The facts in this case are also distinguished from those in Cleveland v Phillips, 19 Abs 21, wherein, as stated by Montgomery, J., the conclusion from a reading of the record was inescapable, that Judge Phillips was a party to an agreement made by practically all of the judges of the Municipal Court of Cleveland to accept reductions in salary. No such inescapable conclusion can be arrived at from the evidence in the case at bar, and in my opinion there is clearly not evidence in this record of sufficient weight to warrant the setting aside of the ordinance solemnly adopted by the council of the City of Youngstown, or that the conduct of plaintiff is inconsistent with his right to recover in this action. Furthermore, it is my opinion that about two-thirds of all the evidence admitted on behalf of the city was incompetent, irrelevant and prejudicial and that its purpose was to set aside an ordinance of the city which was in effect a written contract between the city and the employee fixing the compensation to be paid, and further consisted largely of hearsay matters brought out by leading questions permitted by the court to be propounded by counsel for defendant.

On January 23, 1933, the council of the city adopted ordinance No. 37364, entitled "An Ordinance Defining the Positions of—Fixing Salaries of—Providing Bonds to be Furnished by—Creating Police Relief Funds and Firemen's Pension Fund and Establishing a Board of Health—Providing for Annual Vacations of Members of the Fire and Police and Health Department." This ordinance is in many respects similar to ordinance No. 36240 in that it contains numerous sections numbered 432 to 466, inclusive, and in that it is stated in a preliminary section "That there be and hereby is cre-

ated in the City of Youngstown certain departments and divisions, consisting of the positions herein defined and salaries thereto attached, as follows:" (Then follows sections numbered 432 to 466, inclusive, dealing with the various matters set forth in the title to the ordinance).

It is the claim of counsel for the city that ordinance No. 37364 is a valid ordinance adopted by the city council, whereby the salary of plaintiff, and other patrolmen in the police department who have been in the service of the city for more than three years, was fixed at $1,890.00 per year instead of the previous amount of $2,100.00 per year. It is the contention of counsel for plaintiff that ordinance No. 37364 is invalid for several reasons; first, that it was not properly adopted as an emergency measure; second, that the ordinance is indefinite and uncertain in its provisions; and third, that it is not enacted in accordance with the laws of the State of Ohio.

In connection with the claim that the ordinance was not legally adopted as an emergency measure, we find that by separate section of the ordinance the council has declared it to be an emergency measure, the emergency being the necessity of providing for the immediate payment of compensation and salaries of the various officials and employees of the several departments and divisions herein, and is necessary for the peace, safety and public welfare.

In view of the fact that more than four years elapsed from the passage of this ordinance before any action contesting its validity was instituted, we are inclined to hold under authority of Vansuch v State ex, 112 Oh St 688, that the question of the emergency character of the ordinance as determined by the council in a separate section thereof will not now be inquired into. We distinguish the ordinance in this case from that under consideration by this court, sitting in Mahoning County, in the case of Goodman, d.b.a. Pittsburgh Auto Wrecking Co. v City of Youngstown et, No. 2387, wherein the ordinance contained no separate section declaring the reason for the necessity of the ordinance to go into immediate effect for the preservation of the public peace, health or safety, and wherein we held that ordinance invalid because this provision of the Constitution had not been complied with.

The municipal charter of the city retains the provisions of the General Code with relation to the adoption of ordinances. §4226, GC, provides:

"No ordinance, resolution or by-law shall contain more than one subject, which shall be clearly expressed in its title. * * *"

It is contended by counsel for appellant that ordinance No. 37364 contains more than one subject, and it is pointed out that the ordinance not only attempts to fix salaries of all the employees of the city but provides for the establishing of a Board of Health for the city, the creation of police relief fund and firemen's pension fund, and it is contended that these subjects are diverse in their nature and have no necessary connection, whereby they are violative of the provisions of §4226, GC.

A majority of the members of this court are not inclined to agree with the contention that this ordinance contains diverse subjects which in their nature have no necessary connection. However, I point out that §460 of this ordinance undertakes to "establish a Board of Health for the city, to be constituted and its members appointed in accordance with" an act to provide for the organization of cities and incorporated villages, etc., passed by the General Assembly of Ohio on October 22, 1902, and as amended April 26, 1904; whereas the charter of the City of Youngstown provides that the commissioner of the Division of Health shall be the health officer of the city and shall have the power of appointing with the approval of the mayor, all sanitary policemen, inspectors, and other employees necessary when so authorized by ordinance of council and at the salaries or wages provided in such ordinance. In other words, the city having availed itself of the provisions of the last sentence of §4404 GC, by making provisions in its charter constituting the municipality a health district for health administration, it is argued that the provisions of this ordinance establishing a Board of Health are inconsistent with the charter. It is not thought, however, by the majority members of this court that this alleged inconsistency is sufficient to invalidate the ordinance if the same be otherwise a valid enactment.

The majority of the court are not inclined to hold the ordinance invalid on the ground that it contains more than one subject. The rule governing in such cases is that set down and adopted by the Supreme Court in Heffner v City of Toledo, 75 Oh St 413. I point out, however, that this ordinance No 37364 does not in its title state that §§467 to 487, inclusive, are to be repealed; whereas the ordinance specifically repeals "original §§467 to 487, inclusive." In my opin-

ion, in the light of the mischief the statute was intended to prevent, the failure to have incorporated in the title to this ordinance any reference to the repeal of certain sections of the original ordinance clearly renders the same invalid. The ordinance, likewise, contains a provision repealing former §§432 to 466, inclusive, but since these sections are those attempted to be re-enacted by ordinance No. 37364, it may be considered that the mischief sought to be prevented by the Code provision is not apparent to the extent of invalidating the ordinance because of the failure to mention in the title the fact that these former sections are repealed. In the light of the mischief sought to be prevented by the Code provision on the subject, we can readily contemplate that original §§467 to 487, inclusive, dealt with subjects entirely foreign to those embraced in the title to ordinance 37364 and that some of the councilmen were ignorant of the contents of these repealed sections, or may have been ignorant thereof when uniting in support of the measure.

It is apparent that some previous ordinance of the city enacted legislation designated by §§467 to 487, inclusive. Just what this legislation consisted of we are not informed, but I am clearly of the opinion that if the provisions of a former ordinance of the city were to be repealed, such intention should clearly be stated in the title of ordinance No. 37364, and since the title omits any reference to the repeal of these sections, it is my conclusion that this ordinance is not a valid enactment of the City of Youngstown and that since no claim is made that plaintiff ever entered into any agreement to accept the provisions of this ordinance he is entitled to receive his salary in accordance with such former ordinance as was a legal enactment of the city council, and in this connection it must be admitted that ordinance No. 36240 is subject to all the objections hereinbefore referred to as to ordinance No. 37364. In my opinion ordinance No. 36240 likewise was not a legal enactment of the city, although none of the parties to this section are contesting its validity. In my opinion plaintiff's right to the so-called vacation pay is in no way dependent upon the validity of ordinance No. 36240. Plaintiff did not get any vacation and hence his right to pay for the two weeks of the so-called vacation period is in no way dependent upon any ordinance which may have attempted to grant him a vacation with pay. Ordinance No. 34130, about which there can be no doubt as to its validity, fixes the salary of plaintiff at $2,100.00 per year without reference to vacation.

It is further contended by counsel for appellant that ordinance No. 37364 is so vague, indefinite and uncertain in its language that it can not be considered a valid enactment of the city council. In this connection counsel points out that §446 of the ordinance reads as follows;

"The department of police shall consist of the personnel herein outlined, and the salaries to be paid the officers, patrolmen and employees herein enumerated shall be as follows:

"Name—119 Patrolmen 3rd year and thereafter.

"Previous appropriation $2,100.00.

"Proposed 1933 cuts in appropriation—0—

"Voluntary 1933 cuts $210.00.

"Proposed 1933 payments first 6 months $1,890.00 ea."

This section of the ordinance is in like form as to each of the employees of the police department, and it is contended that this language simply indicates the belief of counsel that there may be certain voluntary cuts in the year 1933; for example, a voluntary cut of $210.00 in the salary of each patrolman who has been in the service of the city more than three years; that the language is not sufficiently definite to indicate that the council has by ordinance provided for a reduction of $210.00 and is not sufficient as fixing a reduced salary of $1,890.00 for the year but only for the first six months; that it is evident that council did not intend that the salary for six months would be increased to $1,890.00; and that altogether the ordinance is too vague, indefinite and uncertain to provide for a reduction of the salary of plaintiff and other employees in the department.

It is the conclusion of a majority of the members of this court that the ordinance is not so vague, indefinite and uncertain as to render it invalid. With this conclusion, taken in connection with the fact that the ordinance does not in its title set forth the full subject thereof, I dissent.

On March 26, 1934, the council of the City of Youngstown passed ordinance No. 38204, entitled "An Ordinance Defining the Positions of, Fixing saladies of, Providing Bonds to be Furnished by Various Officers, Employees and Commissioners of the City of Youngstown, Ohio." It is conceded by all parties that this ordinance is a valid enactment of the city council. In §446 this ordinance provides that the salary of pa-

trolmen in the police department who had been in the service of the city for more than three years shall receive a salary of $1,890.00 each per year. While this ordinance was in full force and effect the council on March 30, 1934, passed ordinance No. 38209, entitled "An Ordinance Authorizing and Directing the Mayor of the City of Youngstown to Reduce Salaries and to Shorten the Hours of the Various Officers the Employees of the City of Youngstown, Temporarily, Until June 1, 1934, for the Purposes of Economy."

In the case of James W. Carroll v City of Youngstown, Case No. 2352, decided by this court October 22, 1937, ordinance No. 38209 was held valid. It may here be said that at the time of the decision in that case counsel for Carroll did not appear in this court, filed no brief, that in the decision upholding the validity of this ordinance this court had been given no help of any kind from plaintiff's counsel, and this fact is explanatory of the contrary opinion at which we have now arrived, to the effect that ordinance No. 38209 is not a valid ordinance of the City of Youngstown for the reason that the ordinance is violative of that portion of §4226 GC, which provides:

"No by-law or ordinance, or section thereof, shall be * * * amended, unless the new by-law or ordinance contains the entire by-law or ordinance, or section * * * amended, and the by-law or ordinance, section or sections so amended shall be repealed."

Section 1 of ordinance No. 38209 by its language amends and changes the salaries fixed for members of the police department and other departments of the city by ordinance No. 38204, and this change or amendment is attetmpted to be made without setting forth in the new ordinance the entire ordinance No. 38204 which it attempts to amend.

It is further apparent that ordinance No. 38209 in its title does not indicate that the subject of the ordinance is to amend ordinance No. 38204. This court ▆▆▆▆▆ ▆ is unanimously of the opinion that ordinance No. 38209 is invalid and did not authorize the city to deduct from the wages of the employees in the police department, including plaintiff, $157.50; that there is no evidence in the record of any agreement whereby it could be said that plaintiff has waived payment of the sum of $157.50 for his services during March and April of 1934, or that he gave this amount to the city or that he became

estopped from claiming this amount in this action.

It follows that the judgment of the Common Pleas Court is contrary to law wnerem that court found that plaintiff was not entitled to the sum of $78.50, being the amount due him for his two weeks services during the so-called vacation period in the year 1932, and is further contrary to law wherein the court found that ordinance No. 38209 was a valid enactment of the council of the City of Youngstown, under which ordinance $157.50 was deducted from plaintiff's salary for March and April, 1934.

Since the majority members of the court find no error in the judgment of the Common Pleas Court wherein that court found that plaintiff had waived $210.00 of his salary for the year 1932, and find no error in the judgment of the Common Pleas Court wherein that court upheld the validity of ordinance No. 37364, it follows that the judgment of that court in these two respects must be affirmed. In the matters wherein the members of this court are unanimously of the opinion that there is no evidence in the record authorizing a deduction from plaintiff's salary of the sum of $76.75 during the year 1932, and whereas this court has unanimously found that ordinance No. 38209, by authority of which $157.50 was deducted from the salary of plaintiff, is not a valid ordinance, it follows that the judgment of the Common Pleas Court in these two respects must be modified, since plaintiff at the conclusion of all the evidence had moved for judgment in his favor; and coming now to render the judgment which the Common Pleas Court should have rendered upon that motion, the judgment of that court is modified so as to find for plaintiff and against the defendant in the sum of $236.25. As so modified, the judgment of the Common Pleas Court is affirmed.

CARTER and BENNETT, JJ, concur in the judgment.

## CONCURRING OPINION

By BENNETT, J.

This record is very confusing. The legislation itself, to say nothing of the claimed waivers and agreements, were handled in such a way as to raise doubts and questions about every step connected with the subject matter of the law suit. In addition to what Judge Nichols has said, I wish to add the following comments as expressing my own personal opinion:

First, relative to the existence or nonexistence of an agreement or waiver for the

period up to the passage of ordinance No. 37364, the record makes it clear that a great deal of negotiating and conferring occurred prior to the first so-called voluntary cut, and that, leaving out of consideration for the minute plaintiff's personal understanding about it, there is some sort of general understanding that the policemen as a whole would "waive" 10% of their salary under the ordinance rather than have the ordinance changed. It was felt by the policeman that it would thereafter be easier to terminate a waiver than to get a salary raise by ordinance. It seems to me that plaintiff's own testimony shows that he was cognizant of this general situation. The record does not show any specific agreement made by him to accept the lower salary or any specific assent by word of mouth on his part to such a waiver. However, he accepted every pay check thereafter without a single protest that it was less than he was legally entitled to receive, and nearly five years expired before he filed suit. Either it was accepted by him as being in full under the alleged agreement, or on some other basis. On what other basis?

It was argued that it was accepted not as payment in full but only as a temporary contribution to be made up when the city became financially able. There is some testimony in the record to this effect and one councilman, at least, gave that as being his understanding of the "agreement," but plaintiff's suit is not based on any such theory. He neither alleges nor proves anything as to such an agreement or as to the city's present financial ability to pay him the amount he had waived. I believe it is circumstantially shown that these pay checks were accepted by plaintiff as payment in full for the period in question under the terms of an understanding as pleaded by the city.

Second, relative to the claimed invalidity of ordinance No. 37364, it is true that this ordinance is far from being an artistic piece of work. It is suggested that it is fatally defective in that it does not state in its title that "§§467 to 487, inclusive," are to be repealed; whereas they are repealed in the ordinance, and in that it is so indefinite and uncertain as to render it invalid. It is also suggested that the inclusion of the sections about the creation of a board of health do not, at least, strengthen its validity. The section about the Board of Health and the repeal of §§467 to 487, inclusive, seem to be included in this ordinance through almost unbelievable carelessness.

Section 460 purports to establish a Board of Health under the provisions of the new Municipal Code, enacted by the Legisla-

ture in 1902. The Youngstown charter, adopted in 1923, provided otherwise for the health administration of the city, and there has, in fact, not been and could not be a Board of Health in the city since the adoption of the city charter. This section must have been included in the ordinance solely because from year to year council, in adopting a general salary ordinance, had copied the form of prior ones and copied in this section as well as others. The same thing is true about the repeal of §§467 to 487, inclusive. A reference to ordinance No. 36240, which was immediately prior to ordinance No. 37364, and is the ordinance on which plaintiff relies to establish his right to vacation pay, reveals that it has the same heading, the same section §460 "establishing a Board of Health," and a repealer clause which repeals §§467 to 487, inclusive. The record, therefore, discloses that ordinance No. 36240, on which plaintiff relies, is not only identical in these terms and in title with ordinance No. 37364, the one which plaintiff attacks, but also that insofar as the repeal provision is concerned it is shown that these sections had already been repealed by that prior ordinance itself.

Consequently the careless copying of the same clause in ordinance No. 37364 would be an entirely futile proceeding. I do not believe that this court should hold this latter ordinance invalid because of this careless inclusion of a purported repeal of something already repealed, and I do not believe that plaintiff can rely on these alleged invalidities which are common, word for word, with the terms of the ordinance on which he relies. I further believe that a failure to include a reference to this futile repealer in the title could not invalidate the ordinance. §4226, GC, is at most a directory statute as to titles.

Relative to the ordinance being so indefinite as to be unintelligible and therefore invalid, I can only repeat in apology that it is an outstandingly inartistic piece of legislation, but I believe that it is reasonably clear that its meaning was to change the salaries from the amounts in the first column to those in the last column of the various schedules. And here again the ordinance must have been clear enough in this respect to plaintiff who waited four years from the date of his first pay check under it before filing suit, and it is not shown by the record that in the meantime he had made any protest to anyone that he was getting less than he was legally entitled to receive.